**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-13855

Non-Argument Calendar

————————————————

MICHAEL CURTIS,

*Petitioner-Appellant,*

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

*Respondents-Appellees.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cv-00759-MMH-LLL

————————————————

Before ROSENBAUM, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Michael Curtis, a Florida state prisoner proceeding pro se, appeals from the district court's dismissal of his amended 28 U.S.C.

§ 2254 petition for a writ of habeas corpus.  The district court made this ruling in an order and judgment entered on April 28, 2025.

In August and September 2025, Curtis filed various notices of inquiry seeking an update on his case.  On October 28, 2025, he filed a Federal Rule of Civil Procedure 60 motion for relief from judgment.  The same day, Curtis filed a notice of appeal designating the April 28 final order and judgment.

Jurisdictional questions ("JQs") asked the parties to address whether (1) the notice of appeal was timely to appeal from the April 28, 2025 final order and judgment, and, (2) if the notice of appeal was not timely, whether it should be construed as a motion seeking Federal Rule of Civil Procedure 4(a)(6) relief and the appeal remanded to the district court for a determination of whether such relief is warranted.

The defendants respond that Curtis's notice of appeal was untimely, and that his notice of appeal is not eligible for Rule 4(a)(6) relief.  They incorporated with their response a motion to dismiss the appeal for lack of jurisdiction.  Curtis responds that his notice of appeal should be construed as a Rule 4(a)(6) motion because he did not timely receive notice of the judgment, and that we should accept jurisdiction over this appeal.  Curtis contends that he did not learn of the April 28 order and judgment until September 15.

Curtis's notice of appeal, deemed filed under the prison mailbox rule on October 28, 2025, is untimely to challenge the April 28, 2025 judgment.  *See Green v. Drug Enf't Admin.*, 606 F.3d

1296, 1300-02 (11th Cir. 2010) (holding that a timely notice of appeal is a jurisdictional requirement in a civil case); Fed. R. App. P. 4(a)(1)(A) (providing that a notice of appeal must be filed within 30 days after the judgment or order appealed from is entered); *id.* R. 4(c)(1) (explaining that, under the prison mailbox rule, a pro se prisoner's filing is deemed filed when they deliver it to prison officials for mailing through the prison's mail system); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (same).  Further, Curtis's Rule 60 motion, also deemed filed under the prison mailbox rule on October 28, 2025, did not toll the time to appeal from the judgment, as the deadline to file such a motion, for tolling purposes, was May 27, 2025.  *See* Fed. R. App. P. 4(a)(4)(A)(vi) (explaining that, for purposes of tolling, the time to file under Rule 60 is the same as the time to file under Rule 59); Fed. R. Civ. P. 4(c)(1); *id.* R. 59(e) (requiring a motion to alter or amend judgment to be filed within 28 days of entry of the judgment); *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 615 F.3d 1352, 1359 n.15 (11th Cir. 2010) (explaining that an untimely Rule 4(a)(4) motion does not toll the time to appeal).

Last, we reject Curtis's argument that the appeal period should be reopened because he did not timely receive notice of the final order and judgment.  Despite filing several notices of inquiry and his Rule 60 motion, Curtis did not file a motion to reopen the appeal period or allege in his notice of appeal that he did not timely receive notice of the judgment.  *See* Fed. R. Civ. P. 4(a)(6); *Sanders v. United States*, 113 F.3d 184, 186-87 (11th Cir. 1997) (construing notice of appeal, which alleged lack of timely notice of the appealed

order, as a Rule 4(a)(6) motion).  And even if we could construe Curtis's notice of appeal or Rule 60 motion as a Rule 4(a)(6) motion, both were filed on October 28, 2025, one day past the October 27, 2025 deadline for filing such a motion.  *See* Fed. R. App. P. 4(a)(6) (explaining that a district court may reopen the time to appeal if, among other things, the motion is filed within the earlier of 180 days of entry of judgment or within 14 days of receiving notice of the entry of judgment); *id.* R. 26(a)(1).

Accordingly, the motion to dismiss is GRANTED and this appeal is DISMISSED for lack of jurisdiction.  All other pending motions are DENIED as moot.